# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BNP HOLDINGS LLC,** | |
| Plaintiff, | Case No.: |
| v. | JURY TRIAL DEMANDED |
| **INTUIT INC.,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BNP Holdings LLC ("BNP" or "Plaintiff") complains of Defendant Intuit Inc. ("Intuit" or "Defendant") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff BNP Holdings LLC is an Illinois limited liability company with its principal place of business at 1212 North Lake Shore Drive, #18CN, Chicago, Illinois 60610.

3. BNP is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,374,229, entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," which issued on April 16, 2002 (the "'229 Patent") (a true and correct copy is attached as Exhibit A).

4. BNP has the exclusive right to license and enforce the '229 Patent and to collect all damages for infringement. BNP also has standing to sue for infringement of the '229 Patent.

5. Defendant Intuit Inc. is a Delaware corporation and maintains a registered agent of The Prentice-Hall Corporation System, Inc., 251 Little Falls Drive, Wilmington, Delaware 19808.

6.      Intuit provides its Quickbooks® Online browser-based accounting software system in the United States and this Judicial District.

## JURISDICTION AND VENUE

7.      This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

8.      Defendant owns, operates and conducts business through its accounting software system – which system is covered by at least Claim 1 of the '229 Patent – throughout the United States including this Judicial District.

9.      Intuit is a registered Delaware corporation, currently doing business in this Judicial District, has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of Delaware such that it should reasonably and fairly anticipate being haled into court in Delaware.

10.     Venue in this Judicial District is proper under 28 U.S.C. §§ 1400(b) because Intuit resides in this Judicial District as confirmed by its incorporation in the State of Delaware.

## HISTORY OF UNITED STATES PATENT NO. 6,374,229
## AND ATTEMPTS TO ENGAGE INTUIT

11.     In 1999, the co-inventors of the '229 Patent – Dr. Richard Krumholz (who operated his own medical practice) and Ms. Susan Lowrey (who operated a company that assisted medical professionals in billing management) – recognized problems with at least two internet-related prior art billing systems: "stand-alone" and "batch" billing systems. (*See, e.g.*, Exhibit A at Col. 1, ll. 13-29).

12.     To improve upon the state of the art in 1999, Dr. Krumholz and Ms. Lowrey contemplated the use of a "browser-based" system, which was applied to transfer "data and query

forms" from a server to a subscriber without the need to transfer any underlying software application. (*See, e.g.*, id. at Col. 3, l. 41-Col. 4, l. 26).

13. This new and useful approach – covered by the asserted claim of the '229 Patent ("Claim 1") – improved upon the prior art by using software applications installed and run on a server rather than on a plurality of individual subscriber computers, which allowed, inter alia, control of installations and upgrades from the back-end and secure access suitable for public network exchange of sensitive information including medical records. (*See, e.g.*, id.).

14. This improvement, in combination with real-time access, provided increased benefits previously unknown in the industry and, accordingly, experienced tremendous commercial success as evidenced in part by significant licensees including, for example, United Health Group, Inc. (which involved litigation lasting approximately 52 months).

15. Thus, Claim 1 covers a new and useful internet-related system (rooted in, and dependent upon, computer technology) invented by entrepreneurs (from both the customer and supplier sides) to solve technological problems in conventional industry practice.

16. At its core, Claim 1 is a computer-implemented, internet browser-related system designed to solve technological problems in conventional industry practice as of 1999 (*e.g.*, the problems of "stand-alone" and "batch" internet-related systems).

17. BNP acknowledged on the face of the '229 Patent that electronic billing systems existed in 1999 and, pursuant to the plain language of the Patent Act, BNP improved upon those inferior systems. The benchmark for prior art with respect to the '229 Patent goes back to at least October 20, 1999, the filing date of the application for the '229 Patent.

18. Claim 1 recognized and solved problems within the industry – in 1999 (when now-household names like Wikipedia, Facebook, Twitter, Gmail, Skype, YouTube, etc. were relatively

unknown or non-existent) – by providing the first internet browser-based system allowing a plurality of users to remotely and securely access (over a public network) and query, in real time, substantially only billing and data entry forms, and store the necessary data from those forms on a secure database attached to a back-end computer designed to control and modify the forms and rules of said system.

19. Claim 1 calls for the structural or tangible framework of a web server and a browser. Claim 1 also has a database server which has previously received a construction or interpretation. The database server is structural and is dedicated to storing and providing access to a shared database, including data and forms. The web server is further limited to include the structure of subscriber areas to in part provide security and privacy for each corresponding subscriber. Claim 1 further implicates "means plus function" elements which necessarily have structural aspects. For example, the first means plus function element implicates the structure of HTML query forms and input forms. Another means plus function element of Claim 1 provides structure for the real-time electronic viewing of data and billing stored with respect to a given subscriber area. Taken together all of the structural elements of Claim 1 collectively define and recite a novel and unique combination at least as of October 20, 1999.

20. BNP offered Intuit opportunities to engage in amicable discussions regarding the '229 Patent outside of litigation by sending an initial letter via FedEx on July 29, 2019 (for which FedEx proof of delivery was received). Intuit never responded to the correspondence from BNP. Based on Intuit's silence, which further confirms BNP's allegations of infringement, BNP's only recourse is through the filing of this Complaint.

## INFRINGEMENT BY DEFENDANT INTUIT
## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 6,374,229

21. Plaintiff BNP realleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Intuit owns and operates the website www.intuit.com, and related URLs wherein Intuit provides its browser-based accounting software system.

23. Intuit's accounting software system includes one or more database servers.

24. Intuit provides a browser-based homepage accessible through the internet by subscribers of its accounting software system.

25. Intuit provides a browser-based homepage that permits access to the one or more database servers to subscribers of its accounting software system.

26. Intuit provides a browser-based homepage on which a subscriber must enter a User ID and Password to obtain access to the user's account, thereby providing only secure access to its accounting software system.

27. Intuit's accounting software system includes a means for providing electronic transfer of billing and data entry forms to a subscriber.

28. Intuit's accounting software system produces billing invoices/statements to clients/customers of the subscriber.

29. The Intuit accounting software system provides a subscriber with a means to view and query data and billings information in the one or more database servers.

30. Intuit's accounting software system includes a PC type computer electronically connected to the one or more database servers.

31. Intuit directly infringed independent system claim 1 of the '229 Patent (prior to its expiration on or about October 20, 2019).

## CLAIM 1

32. Intuit's accounting software system incorporates an integrated internet facilitated billing, data processing, and communication system, in accordance with the limitations of Claim 1 of the '229 Patent.

33. Intuit's accounting software system performs each of the limitations of Claim 1 of the '229 Patent by incorporating:

    a. a database server and a home page of a website which provides access via an internet service provider (ISP) to said database server by a plurality of browser-based subscribers each of which have electronic access to said home page via a modem and the ISP;

    b. said home page providing only secure access by each browser-based subscriber to one of a plurality of subscriber areas within said system;

    c. means for providing electronic transfer of substantially only billing and data entry forms to the browser-based subscriber upon request, data entered on said forms, when electronically returned to a corresponding said subscriber area, then entered into said database server, said database server then, utilizing an appropriate application software thereon, producing billing invoices and statements to clients and customers for each corresponding browser-based subscriber;

    d. means for providing real time electronic viewing and query access of data and billings stored in said database server by each corresponding browser-based subscriber;

e.    a PC type computer electronically connected to said database server for controlling said forms as required and responding to queries entered by each browser-based subscriber.

34.    Defendant Intuit through its accounting software system has directly infringed Claim 1 of the '229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering a license to use Intuit's accounting software system.

35.    Intuit had notice of the '229 Patent and the likelihood of infringement thereof at least as early as July 29, 2019 pursuant to FedEx correspondence from BNP to Intuit's registered agent, which identified the '229 Patent and provided notice of the Intuit accounting software system's infringement thereof.

36.    Defendant Intuit's acts of infringement of the '229 Patent have injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement from Intuit, but, in no event less than a reasonable royalty.

37.    To the extent required by law, BNP has complied with the provisions of 35 U.S.C. § 287.

38.    Intuit's direct infringement as described above injured BNP and BNP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty from at least July 29, 2019 to October 20, 2019.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BNP Holdings LLC respectfully requests this Court to enter judgment against Defendant Intuit Inc. – and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

B. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred from at least July 29, 2019 through expiration of the '229 Patent, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began; and

C. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: January 18, 2022

*Of Counsel:*
Timothy J. Haller (*Pro Hac Vice Pending*)
HALLER LAW PLLC
230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Phone: (630) 336-4283
haller@haller-iplaw.com

Gabriel I. Opatken (*Pro Hac Vice Pending*)
NOBLE IP LLC
4151 W School St, Apt 2
Chicago, IL 60641
Phone: (773) 648-5433
gabriel@nobleipllc.com

Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY & O'ROURKE, LLC
824 N Market St, Ste 1001A
Wilmington, DE 19801
Phone: (207) 359-8576
Fax: (302) 295-2873
gp@del-iplaw.com

*Attorneys for Plaintiff,*
*BNP Holdings LLC*